UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALTA MAR CONDOMINIUM ASSOCIATION, INC., as assignee of Soares Da Costa Construction Services, LLC d/b/a SDC Construction Services, LLC and WESTCHESTER SURPLUS LINES INSURANCE COMPANY d/b/a SDC Construction Services, LLC,

    Plaintiffs,

v.     Case No: 2:18-cv-359-FtM-99CM

HARTFORD FIRE INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, and ILLINOIS NATIONAL INSURANCE COMPANY,

    Defendants.

### OPINION AND ORDER

This matter comes before the Court on Defendant Hartford Fire Insurance Company's Motion to Dismiss (Doc. #6) filed in state court on December 5, 2017. After removal, plaintiffs filed a Response in Opposition (Doc. #21) on June 7, 2018, and Hartford filed a Reply (Doc. #37) on July 2, 2018. Prior to removal on the basis of diversity jurisdiction, Hartford filed the Motion to Dismiss pursuant to Fla. R. Civ. P. 1.140(b)(6), alleging that the Complaint (Doc. #2) fails to state a claim. For the reasons set forth below, the Motion is denied.

**I.**

This case stems in part from Hartford's failure to defend and indemnify its insured in an underlying lawsuit entitled <u>Alta Mar Condo Assoc., Inc. v. Soares Da Costa Construction Services, LLC, et al.</u>, 2015-CA-001996, filed in the Twentieth Judicial Circuit in and for Lee County, Florida (the "Underlying Action"). (Doc. #2.) The Underlying Action involved claims by Alta Mar Condominium Association, Inc. ("Association") for construction defects against SDC Construction Services, LLC, a general contractor and Structure Stone, a subcontractor. (Doc. #2, ¶¶ 13-14.) SDC and Structured Stone's subcontract agreement included an indemnity provision, requiring that SDC be listed as an additional insured under Structure Stone's policies of insurance, and requiring Structure Stone to defend and indemnify SDC. (<u>Id.</u>, ¶ 19.) Hartford was Structure Stone's insurance company pursuant to a commercial general liability policy, number 21UENTE2511. (<u>Id.</u>, ¶ 45; Exh. J to Complaint.)

Hartford failed to defend and indemnify SDC in the Underlying Action. (Doc. #2, ¶ 47.) As a result, SDC's insurer, Westchester Surplus Lines Insurance Company undertook the defense of SDC in the Underlying Action and paid $1,275,000 to settle the Association's claims. (<u>Id.</u>, ¶ 26.) Pursuant to the terms of the settlement agreement, SDC assigned any and all rights, claims and defenses against the insurers to the Association. (<u>Id.</u>, ¶ 27.)

The Association filed this lawsuit and alleges one count for breach of contract against Hartford (Count III), seeking reimbursement of attorney's fees and defense costs incurred in defending SDC against the Association's claims, and for reimbursement of a portion of the $1,275,000 settlement paid by SDC's insurer, Westchester Surplus Lines Insurance Company. The Association's claims against Hartford are based on SDC's status as an additional insured under commercial general liability policies issued by Hartford to Structure Stone.

**II.**

The elements of a breach of contract cause of action are: (1) a valid contract, (2) a material breach, and (3) damages. Havens v. Coast Florida, P.A., 117 So. 3d 1179, 1181 (Fla. 2d DCA 2013). Hartford alleges that the Complaint should be dismissed because plaintiffs can prove no set of facts to satisfy element two – a material breach. Hartford states that it had no duty to defend or indemnify SDC because any additional insured coverage afforded to SDC by Hartford was in excess to that afforded by Westchester, due to the Hartford Policies' "other insurance" provision. In support, Hartford states that the commercial general liability policy issued by Westchester to SDC specifies that Westchester would defend SDC in the Underlying Action and the Court should determine whether the Westchester and Hartford polices are primary or in excess as to each other. Hartford argues that in considering

dismissal, the Court may look at the "four corners" of the Complaint, together with the attached exhibits, which establish that Hartford did not breach a duty to defend or indemnify SDC. Plaintiffs respond that the Westchester insurance policy issued to SDC was not attached to the Complaint and therefore the Court cannot determine any priority of coverage based on the Complaint and its exhibits on a Motion to Dismiss. In its Reply, Hartford concedes that the Association did not attach a copy of the Westchester policy to its Complaint and did not provide Hartford with a copy until after Hartford filed its Motion to Dismiss. Hartford attaches a copy of the Westchester policy to its Reply brief as Exhibit A. (Doc. #37-1.)

Applicable law provides that federal courts evaluating Rule 12(b)(6) motions may consider an exhibit in cases in which the document is central to plaintiff's claim, defendant attaches the document to its motion to dismiss, and neither party challenges its authenticity. Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007). A plaintiff may be harmed when a court considers material extraneous to a complaint if plaintiff did not have notice that the material may be considered. Id. at 1285. "It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court." Jones v. Automobile Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1531-32 (11th Cir. 1990).

Here, because the document was submitted to the Court in reply, plaintiffs had not had the opportunity to respond to the document. Notably, the Court is unaware if plaintiffs dispute the authenticity of the document. Therefore, the Court will deny the Motion to Dismiss. Whether the insurance policies at issue show that Hartford was an excess insurer and therefore had no duty to defend or indemnify plaintiffs is an issue to be decided on summary judgment with submission of all evidence for the Court's consideration.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant Hartford Fire Insurance Company's Motion to Dismiss (Doc. #6) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __26th__ day of July, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record